**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Argued May 8, 2008
Decided June 4, 2008

**Before**

JOHN L. COFFEY, *Circuit Judge*

KENNETH F. RIPPLE, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 07-3020

| | |
|---|---|
| MUHAMMAD AZHAR SAEED, | Petition for Review of an Order of the |
| *Petitioner*, | Board of Immigration Appeals. |
| | |
| *v.* | No. A76-773-833 |
| | |
| MICHAEL B. MUKASEY, | |
| Attorney General of the United States, | |
| *Respondent*. | |

**O R D E R**

Muhammad Azhar Saeed, a citizen of Pakistan who overstayed his visitor visa, moved to continue his removal proceedings while he pursued an administrative appeal from the denial of his petition for an immigrant visa.  The immigration judge denied his motion, and the Board of Immigration Appeals affirmed.  Saeed now petitions this court for review.  We dismiss Saeed's petition for lack of jurisdiction.

Saeed entered the United States in October 1997 and was authorized to remain until April 1998. He did not leave, however, and in April 2003 he was served with a Notice to Appear for removal proceedings. At his first hearing in May 2003, Saeed conceded the charge against him—that he was in the United States without authorization—but asked for a continuance because he was in the process of pursuing a labor certification and adjustment of status under section 245(i) of the Immigration and Nationality Act ("INA"). Section 245(i) allowed certain aliens who entered the United States without authorization or overstayed their visas to seek adjustment of status by paying a penalty and filing a petition before April 30, 2001. *See* 8 U.S.C. § 1255(i)(1); *Hadayat v. Gonzales*, 458 F.3d 659, 662 (7th Cir. 2006). The immigration judge ("IJ") granted a continuance. At the next hearing, in January 2004, the IJ again granted Saeed a continuance because he was awaiting approval of his labor certification. In September 2004 Saeed told the IJ that his labor certification had been approved and that he had filed a Form I-140 petition for an immigrant visa. The IJ continued the proceedings once more, giving Saeed almost one year to allow his visa petition to be processed.

At the final hearing in August 2005, Saeed informed the IJ that his visa petition had been denied. He asked, though, for yet another continuance to allow his appeal from that denial to proceed in the Board of Immigration Appeals ("BIA"). But the IJ denied his motion, entered a conditional order of removal, and gave Saeed until September 2005 to voluntarily depart. The IJ explained that he already had granted Saeed three continuances that delayed the removal proceedings for more than two years. Those continuances, the IJ reasoned, distinguished Saeed's case from *Subhan v. Ashcroft*, 383 F.3d 591 (7th Cir. 2004), in which an IJ, without explanation, had refused to continue the removal proceedings even though the government had not acted on the petitioner's application for a labor certification. In this case, the IJ continued, Saeed's visa petition already had been denied and thus Saeed no longer met the statutory criteria to adjust his status.

The BIA rejected Saeed's appeal from the IJ's decision. The BIA held that the IJ had given a "reasoned basis" for denying Saeed's motion to continue. In particular, the BIA reasoned, the IJ's uncertainty about whether Saeed would ever successfully establish his eligibility for adjustment of status given the denial of his visa petition was a "valid discretionary" consideration. The BIA also concluded that the IJ had correctly applied *Subhan* by providing "a valid, reasoned basis for his denial of" Saeed's motion.

In his petition for review, Saeed argues that the immigration courts erred in concluding that he did not establish good cause to continue the removal proceedings. Saeed insists that he is still eligible to adjust his status because, he says, the door is not completely closed on his visa petition so long as his appeal from its denial remains pending, which it does even now. Thus, Saeed contends, the removal order contravenes Congress's intent to

provide through INA § 245(i) a means for some aliens who overstayed their visas to adjust their status without leaving the country. Saeed, though, is making a merits argument that ignores the limits of our jurisdiction in immigration matters. Our recent decisions make plain that we do not have jurisdiction to review the denial of a motion to continue unless by denying the continuance the IJ "effectively nullified the statutory opportunity to adjust status" without giving a reason consistent with the INA provision governing adjustment. *Ali v. Gonzales*, 502 F.3d 659, 660-61 (7th Cir. 2007); *see Wood v. Mukasey*, 516 F.3d 564, 568 (7th Cir. 2008); *Benslimane v. Gonzales*, 430 F.3d 828, 831-32 (7th Cir. 2005); *Subhan*, 383 F.3d at 595.

The narrow exception allowing us to review a denial of a motion to continue does not apply here. The BIA properly concluded that the IJ "provided a valid, reasoned basis" for denying the continuance when he explained that he already had granted three continuances extending the removal proceedings for more than two years and that the denial of Saeed's visa petition meant that Saeed no longer met the criteria for adjustment of status. *See Ali*, 502 F.3d at 664-65 (holding that denial of citizenship application filed by petitioner's sponsoring relative was legitimate reason for denying continuance of petitioner's removal proceedings); *Subhan*, 383 F.3d at 594 (suggesting that IJ's belief that "an illegal alien should not be allowed to delay his removal beyond a year" would be legitimate reason for denying continuance). By providing these reasons, the BIA correctly held, the IJ complied with our holding in *Subhan* that IJs must give a reason consistent with § 245(i) when refusing to postpone removal proceedings for aliens seeking adjustment of status under that provision. *See Ali*, 502 F.3d at 663; *Hadayat*, 458 F.3d at 663.

For the foregoing reasons, we DISMISS Saeed's petition for review.